IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD PHINISEE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-2374-P-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Charles Edward Phinisee, a former Texas prisoner,[1] has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be summarily denied.

I.

Petitioner was released to mandatory supervision after serving part of a 12-year sentence for possession of a controlled substance. On February 11, 2010, his supervised release was revoked for an unspecified violation. Petitioner challenged the revocation of his release and the forfeiture of "street time" credits on state collateral review. The Texas Court of Criminal Appeals denied relief without written order. *Ex parte Phinisee*, WR-74,508-01 (Tex. Crim. App. Sept. 8, 2010). Petitioner filed a second writ challenging the outcome of the state habeas case. That writ also was denied. *Ex parte Phinisee*, WR-74,508-02 (Tex. Crim. App. Jan. 12, 2011). Petitioner then filed this action in federal district court.

---

[1] Petitioner was incarcerated at the time he filed his federal writ. He was released from TDCJ custody on or about November 4, 2011.

II.

In two grounds for relief, petitioner contends that the trial court and the Texas Court of Criminal Appeals violated his constitutional rights in connection with the state habeas proceeding by refusing to appoint counsel and failing to obtain affidavits from Texas parole officials.

The Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied sub nom. Rudd v. Cockrell*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Because petitioner has failed to state a cognizable claim for federal habeas relief, his application should be summarily denied.

## **RECOMMENDATION**

It plainly appears from the pleadings that petitioner is not entitled to relief. Accordingly, his application for writ of habeas corpus should be summarily denied. *See* RULES GOVERNING SECTION 2254 CASES, Rule 4.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 17, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE